UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARCUS MADDOX,

Petitioner,

v.

NATHANJAH BREITENBACH,

Respondent.

Case No. 3:26-cv-00437-ART-CLB

SCREENING, SERVICE,
AND APPOINTMENT ORDER

*Pro se* Petitioner Marcus Maddox has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, an application for leave to proceed *in forma pauperis* ("IFP"), and a motion for the appointment of counsel. (ECF Nos. 1 ("IFP Application"), 1-1 ("Petition"), 1-2 ("Motion for Counsel").) Based on Maddox's Financial Certificate (ECF No. 4), the Court finds good cause exists to grant the IFP Application. As such, this matter comes before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court directs service of the Petition and grants the Motion for Counsel.

I.    **BACKGROUND**[1]

Maddox challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Marcus Maddox,* C-18-333777-1. On July 7, 2023, following a guilty plea, Maddox was convicted of first-degree murder with the use of a deadly weapon, sexual assault with a minor under the age of 16, and attempted murder with the use of a deadly weapon. Maddox was sentenced to life with the possibility of parole after 20 years

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/portal) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

for the first-degree murder conviction plus a consecutive 5-20 years for the deadly weapon enhancement, life with the possibility of parole after 25 years for the sexual assault conviction to run consecutive to the first-degree murder conviction, and 8-20 years for the attempted murder conviction plus a consecutive 8-20 years for the deadly weapon enhancement to run concurrently to the sexual assault conviction. Maddox did not file a direct appeal.

Maddox filed a state habeas petition on June 5, 2024. *Marcus Maddox v. Nethanjah Breitenbach*, A-24-894712-W. The state court denied the petition on July 14, 2025. Maddox appealed, and the Nevada Court of Appeals affirmed on May 6, 2026. *Marcus Maddox v. Nethanjah Breitenbach*, No. 91059-COA. Remittitur issued on May 27, 2026.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). This Court finds that a response is warranted in the instant case.

The Court now turns to the Motion for Counsel. There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may request appointed counsel to pursue that relief. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that

2

denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

Following review of the Petition and the Motion for Counsel, the Court will provisionally appoint the Federal Public Defender to represent Maddox. The Court finds that appointment of counsel is in the interests of justice given, among other things, Maddox's lengthy sentence and the complexities of this case.

### III.    CONCLUSION

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondent, (3) electronically send Respondent's counsel a copy of the Petition (ECF No. 1-1), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the Federal Public Defender a copy of this Order and the Petition (ECF No. 1-1), and (5) send a copy of this Order to Maddox and the CJA Coordinator for this division.

It is further ordered that Respondent's counsel enter a notice of appearance within 7 days of entry of this Order. No further response will be required until further order.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is granted. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Maddox by filing a notice of appearance or (2) indicate the office's inability to represent Maddox in these proceedings. If the Federal Public Defender is unable to represent Maddox, the Court will appoint alternate counsel. Appointed counsel will represent Maddox in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended

petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Maddox remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, this Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

Dated this 12th day of June, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4